**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1846

CHARLES DAVID SEGUNDO BRUNAL; SANDRA MARGARITA FERNANDEZ;
CARLOS ANDREA BRUNAL; CAROLINA MARIA BRUNAL,

      Petitioners,

    v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of Orders of the Board of Immigration
Appeals.

Submitted:  March 20, 2009      Decided:  April 29, 2009

Before NIEMEYER, TRAXLER, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Christine Lockhart Poarch, THE POARCH LAW FIRM, PC, Salem,
Virginia, for Petitioners.  Gregory G. Katsas, Assistant
Attorney General, Carol Federighi, Senior Litigation Counsel,
Andrew B. Insenga, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles David Segundo Brunal ("Brunal"), the lead Petitioner, and his wife, Sandra Margarita Fernandez, and his children, Carlos and Carolina Brunal, are natives and citizens of Columbia. They petition for review of orders of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's order denying their applications for asylum, withholding of removal and withholding under the Convention Against Torture, denying their motion to reopen, and after remand from this court, affirming the prior orders. We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds. . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir.

2

2006); see 8 C.F.R. § 1208.13(a) (2008), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2008). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004). This presumption can be rebutted on a finding of a fundamental change of circumstances so that the alien no longer has a well-founded fear, or a finding that the alien could avoid persecution by relocating within the country of removal. 8 C.F.R. § 1208.13(b)(1)(i)(A), (B). "The Service bears the burden of proof for rebutting the presumption." Naizgi, 455 F.3d at 486.

Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih, 371 F.3d at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances

3

and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if he was removed to his native country, his "life or freedom would be threatened" on a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than not that the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-

4

Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

We find substantial evidence supports the finding that Brunal failed to show past persecution, that Brunal did not have a well-founded fear of persecution based on his political opinion, having a political opinion imputed to him or on account of any membership in a particular social group, or that it was not more likely than not he will be tortured if he returned to Columbia.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5